UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STERLING L.,

                  Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

                  Defendant.

CASE NO. C19-0140-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner partially denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1973.[2] He has a tenth-grade education, and was previously

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

employed as a construction worker and pizza cook. (AR 35, 173, 848, 1084, 2484.)

Plaintiff applied for SSI in September 2011, alleging disability as of November 1, 2008.[3] (AR 150-58.) That application was denied and Plaintiff timely requested a hearing. (AR 81-88, 92-98.) In June 2012, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 31-60.) On, the ALJ issued a decision finding Plaintiff not disabled. (AR 17-26.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 12, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the Commissioner's decision and remanded the case for further administrative proceedings. (AR 898-912.) The Appeals Council effectuated the remand, and consolidated the claim with a subsequent SSI application. (AR 918-19.) ALJ Adams held another hearing in September 2015 (AR 843-73), and on December 18, 2015, issued a decision finding Plaintiff disabled as of July 1, 2015, but not disabled before. (AR 816-34.)

Plaintiff appealed the Commissioner's decision to this Court, which reversed the decision and remanded the case for further administrative proceedings. (AR 2504-15.) ALJ Stephanie Martz (hereinafter referred to as "the ALJ") held a hearing in July 2018 (AR 2477-92), and in October 2018 entered a decision finding Plaintiff not disabled before July 1, 2015. (AR 2445-67.) Plaintiff now seeks judicial review of that decision.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

///

---

[3] At the 2012 administrative hearing, Plaintiff amended his alleged onset date to September 26, 2011. (AR 34.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity between the alleged onset date and the established disability onset date. (AR 2448.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that between the alleged onset date and the disability onset date, Plaintiff's right leg deep vein thrombosis, chronic obstructive pulmonary disease, obesity, affective disorder, anxiety disorder vs. posttraumatic stress disorder, personality disorder, and substance use disorder were severe. (*Id.*) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment between the alleged onset date and the disability onset date. (AR 2448-50.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that between the alleged onset date and the disability onset date, Plaintiff was capable of performing light work with additional limitations: he could perform simple, routine tasks and follow short, simple instructions. He could do work that needed little or no judgment, and he could perform simple duties that could be learned on the job in less than 30 days. He could respond appropriately to supervision, but could not have worked in close coordination with co-workers or where teamwork was required. He could deal with occasional changes in the work environment that required no interaction with the general public. (AR 2450.) With that assessment, the ALJ found Plaintiff unable to perform

any past relevant work between the alleged onset date and the disability onset date. (AR 2465.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found that from the alleged onset date to the disability onset date, Plaintiff was capable of transitioning to other representative occupations, such as garment folder, electrical accessories assembler, and small products assembler II. (AR 2465-67.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting opinions written by three treating or examining providers.[4] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Medical opinions</u>

Plaintiff challenges opinions written by examining psychologist David Widlan, Ph.D.;

---

[4] Plaintiff's opening brief also challenges the ALJ's RFC assessment, but only insofar as it does not account for limitations described in the discounted medical opinions. Dkt. 10 at 16-18. Because the RFC challenge is enveloped in the challenge to the ALJ's assessment of the discounted opinions, the RFC need not be analyzed separately. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

treating psychiatrist David Rowlett, M.D.; and treating psychiatrist Rolf Kolden, M.D. The ALJ provided reasons to discount the opinions of all three of these providers as a group, and then went on to address each provider's opinions separately. (AR 2461-64.) The Court will address each of the ALJ's reasons in turn.

Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Disputed opinions

Dr. Widlan examined Plaintiff in February 2014 and completed a DSHS form opinion describing his symptoms and limitations.[5] (AR 1127-36.) The record contains treatment notes

---

[5] Plaintiff does not challenge the ALJ's discounting of Dr. Widlan's 2011 opinion. Dkt. 10 at 5.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

from Dr. Kolden in 2012, and he completed a form medical source statement in May 2012 describing Plaintiff's symptoms and limitations. (AR 794-810.) Plaintiff began treatment with Dr. Rowlett in October 2013 on a monthly basis, and Dr. Rowlett wrote a narrative letter in August 2014 and completed forms in September 2015 describing Plaintiff's limitations. (AR 2195-96, 2267-71.)

The ALJ summarized the conclusions of all three of these providers, and explained that the disabling limitations they described were inconsistent with Plaintiff's noncompliance with treatment recommendations; inconsistent with the benign mental status examination findings and testing during the period at issue; inconsistent with the nature of Plaintiff's mental health treatment; and unreliable due to the providers' reliance on Plaintiff's non-credible self-report. (AR 2461-62.) Later in the decision, the ALJ called out specific instances where Plaintiff's self-report to Dr. Widlan was inaccurate. (AR 2464.)

Plaintiff argues that the ALJ erred in discounting the opinions based on reliance on non-credible self-report, because a previous court remand order found that this reason was not a legitimate basis to discount Dr. Widlan's opinion. Dkt. 10 at 7 (citing AR 2507-10). The Commissioner does not address this argument, but instead defends this line of the ALJ's reasoning. Dkt. 11 at 5-6. Because it appears undisputed that the Court previously found one of the ALJ's reasons to be insufficient, the Court will not reassess that reasoning and finds that it is harmless error in light of the other valid reasons provided by the ALJ for discounting these opinions, as described *infra*. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Specifically, the ALJ found the disabling limitations described in the disputed opinions to be inconsistent with Plaintiff's treatment record, which documents "benign" mental status

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

examination findings, and demonstrate a focus on matters not directly related to his mental impairments, such as housing, finances, physical concerns, and disability paperwork.[6] (AR 2461-62.)

These are specific, legitimate reasons to discount the providers' opinions. Plaintiff contends that the ALJ's reasoning was not specific because she did not identify the "benign" mental status examinations she was relying on (Dkt. 10 at 9), but she did so in great detail earlier in the decision, when discussing evidence that undermined Plaintiff's subjective statements. (AR 2452 (citing AR 659, 712, 717-18, 770, 1138, 1422, 1548, 1567, 1569, 1571, 1576, 1582-83, 1890-91, 2204, 2210, 2213-14, 2216-17, 2219-20, 2223, 2233, 2235-37).) Plaintiff also contends that the ALJ erred in interpreting medical evidence as a layperson (Dkt. 10 at 9), but the ALJ (rather than a physician) is tasked with "resolving conflicts in the medical record." *Carmickle*, 533 F.3d at 1164. In this case, the ALJ provided a thorough explanation of how she resolved the conflicts in the record. (*See, e.g.,* AR 2452-57.) Furthermore, as noted by the ALJ, Dr. Widlan's lack of access to the treatment notes when rendering his opinion further suggests that his opinion is less valuable. *See* 20 C.F.R. § 416.927(c)(6) (indicating that when weighing a medical opinion, an ALJ may consider "the extent to which a medical source is familiar with the other information in [a claimant's] record").

With respect to the ALJ's reasoning with regard to the topical focus of Plaintiff's

---

[6] The ALJ also found that Plaintiff's "noncompliance" with treatment (in the form of appointment no-shows) undermined the providers' opinions describing disabling limitations. (AR 2452, 2461.) The record does contain some evidence of no-shows (AR 1588-98), but this evidence does not necessarily undermine the disputed opinions in light of the instability in Plaintiff's circumstances at the time due to Plaintiff's homelessness and medical needs. To the extent the ALJ's conclusory analysis of Plaintiff's noncompliance constitutes an unreasonable interpretation, the error is harmless in light of the other valid reasons to discount the disputed opinions. *See Carmickle*, 533 F.3d at 1162-63.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

psychological appointments, Plaintiff argues that any suggestion that his limitations were caused by situational stressors is unfounded, because his providers diagnosed him with medically determinable impairments. Dkt. 10 at 10. Plaintiff misreads the ALJ's decision: the ALJ agreed that Plaintiff has medically determinable mental impairments (AR 2448), and she did not suggest that Plaintiff's impairments were caused by situational stressors. Instead, she accurately noted that many of his appointments focused on non-impairment-related concerns such as housing, finances, physical concerns, and disability paperwork, and inferred that this focus suggests that his conditions themselves were less severe. (AR 2462.) This is a reasonable inference from the evidence, and the ALJ pointed to substantial evidence to support this finding. (*See* AR 2453.) Accordingly, the Court finds that the ALJ provided some valid reasons to discount the disputed opinions as a group. (AR 2461-62.)

The ALJ went on to provide additional reasons to discount each opinion individually. (AR 2462-64.) For example, the ALJ also noted that Dr. Kolden did not perform any mental status examination testing, which led the ALJ to give more weight to the opinion of David Mashburn, Ph.D., who performed psychometric testing in addition to mental status testing. (AR 2462 (referring to AR 2188-92.)) The ALJ properly considered the depth of testing in the medical record, when weighing opinions. *See* 20 C.F.R. § 416.927(c)(3). The ALJ also noted that Dr. Rowlett's treatment notes reflect Plaintiff's attempt to manipulate Dr. Rowlett in order to gain an advantage with his Social Security claim, yet Dr. Rowlett did not mention this in his opinion, which the ALJ construed as undermining the reliability of his opinion. (AR 2463.) Although Plaintiff disputes whether his self-advocacy undermines the credibility of either his self-report or Dr. Rowlett's opinion (Dkt. 10 at 15-16), the ALJ's interpretation is reasonable under the facts of this case, especially where an examining psychologist reviewed Dr. Rowlett's treatment notes and

indicated that Plaintiff's behavior in this regard could suggest malingering. (*See, e.g.*, AR 2192.) Accordingly, the Court finds that the ALJ provided additional specific, legitimate reasons to discount the opinions of Drs. Kolden and Rowlett.

Because the ALJ provided legally sufficient reasons to discount the opinions of Drs. Widlan, Kolden, and Rowlett, the ALJ's assessment of those opinions is affirmed.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 6th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge